IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. 3:16cr352 |
| | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **AARON BROUSSARD,** | : | |
| **Defendant** | : | |

## **MEMORANDUM**

Before the court is Defendant Aaron Broussard's motion for a bill of particulars and request for pretrial discovery and inspection. Having been fully briefed, these matters are ripe for disposition.

**I. Background**

A grand jury in Scranton, Pennsylvania indicted the defendant on December 6, 2016, on charges of Distribution and Possession with the Intent to Distribute a Controlled Substance in violation of Title 21, United States Code, § § 841(a)(1) and 841(b)(1)(c). (Doc. 1). The grand jury found probable cause to believe that on or about April of 2016 through on or about May 6, 2016, the defendant did knowingly and intentionally distribute fentanyl, a Schedule I Controlled Substance. Further, the grand jury found probable cause to believe

the death of a person known to the grand jury resulted from that person's use of the controlled substance that the defendant distributed.

On October 12, 2017, the defendant filed a motion for a bill of particulars as well as a request for pretrial discovery and inspection. (Doc. 30). On October 20, 2017, the government filed a brief in opposition to defendant's motions (Doc. 33), bringing the case to its present posture.

**II. Discussion**

The defendant has filed a motion with the court seeking a bill of particulars as well as a request for pretrial discovery and inspection from the government. We will address these matters in turn.

**A. Motion for a Bill of Particulars**

The defendant contends that the indictment does not describe with any particularity what the defendant did, but instead simply presents a "generalized and boilerplate" statement of the offense. (Doc. 30 ¶ 7). The defendant contends that because the allegation does not advise the defendant of the specific act or acts that violate Section 841, he is unable to prepare a sufficient defense. (Id.) He therefore seeks a bill of particulars which explains the specific allegations against him.

Federal Rule of Criminal Procedure 7(f) provides that "[t]he court may direct the government to file a bill of particulars." "The purpose of a bill of particulars is 'to inform the defendant of the nature of the charges brought against him, to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense.' " United States v. Urban, 404 F.3d 754, 771 (3d Cir. 2005) (quoting United States v. Addonizio, 451 F.2d 49, 63-64 (3d Cir. 1972)). "When it appears that the indictment does not inform the defendant with sufficient particularity of the charges against which he will have to defend at trial, he is entitled to a bill of particulars." Singer v. United States, 58 F.2d 74, 76 (3d Cir. 1932). Such cases are limited, however, to cases where an indictment is so vague that it "significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial." United States v. Rosa, 891 F.2d 1063, 1066 (3d Cir. 1989).

The law is clear that a bill of particulars is not designed as a discovery device: "[a] bill of particulars, like discovery, is not intended to provide the defendant with the fruits of the government's investigation … Rather, it is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his own investigation." United

States v. Smith, 776 F.2d 1104, 1112 (3d Cir. 1985). In fact, an indictment charging a statutory crime will ordinarily be sufficient so long as it substantially tracks the language of the criminal statute. See Addonizio, 451 F.2d 49.

The Third Circuit has noted that the need for a bill of particulars weakens even further in situations where the defendant "has access through discovery to the documents and witness statements relied upon by the government in constructing its case. . ." Urban, 404 F.3d at 772. "In ruling on a request for a bill of particulars, the court should consider all information that has been disclosed to the defendant in the course of the prosecution, whether or not included in the indictment." United States v. Hayes, 2007 WL 3085998, at *1 (M.D. Pa. Oct. 19, 2007) (citing United States v. Kenny, 462 F.2d 1205, 1212 (3d Cir. 1972)).

After a careful review, we will deny defendant's motion for a bill of particulars. We find that the indictment in this case sufficiently makes the defendant aware of the charge against him—that he violated a federal statute in relation to knowingly and intentionally distributing and possessing with the intent to distribute fentanyl, a Schedule I Controlled Substance. The defendant is also aware that the government alleges that serious bodily injury and the death of a person resulted from the use of fentanyl that the defendant distributed. From the indictment, the defendant knows " 'fully, directly and expressly, without any

4

uncertainty or ambiguity . . . all the elements necessary to constitute the offence intended to be punished .' " Hamling v. United States, 418 U.S. 87, 117 (1974) (quoting United States v. Carll, 105 U.S. 611, 612, 26 L.Ed. 1135 (1882)).

With respect to other specific details of the offense that are sought by the defendant by way of a bill of particulars, we find it to be satisfactory that the defendant has since learned these specific details from other sources. The government has represented to the court that "all of the information that defendant now seeks by way of bill of particulars is included in the discovery currently in the hands of the defendant." (Doc. 33 at 3). Trial is scheduled to begin in less than one month, on November 27, 2017, and at this point defense counsel has not filed any documents with the court to suggest that the representation made by the government is inaccurate. Therefore, because the parties agree that discovery has already been exchanged in this case, we agree with the government that the need for a bill of particulars is moot. For these reasons, we will deny the defendant's motion.

**B. Request for Discovery**

The defendant also seeks all information entitled to him under Federal Rule of Criminal Procedure 16, including: written confessions, interviews,

interrogations, and other inculpatory or exculpatory statements of witnesses; information on the defendant's prior record; any identifications of the defendant; documents and tangible objects in the government's possession or control which would be material to the preparation of defendant's case or intended by the government for use at trial; and reports of physical or mental examinations and tests which are within the control of the government.[1] This request was filed on October 12, 2017.

As we discussed above, the government represented to the court that as of October 20, 2017, they had conferred with counsel for the defendant and both parties are in agreement that "all discoverable information has either been turned over to defense counsel or has been made available to defense counsel." (Doc. 33 at 1-2). Further, the government asserts that should any additional discovery become available as the investigation continues, it will be provided to the defendant.

Counsel for the defendant has not filed a reply to the government's representations on this matter. Thus, we will presume these representations to

---

[1] The document attached to defendant's motion for a bill of particulars is entitled "Request for Pretrial Discovery and Inspection," and is addressed to the government. (Doc. 30). However, because the government has responded to this document as a motion for discovery, we will treat it as such.

be true and accurate. Because the parties agree that all discoverable information has been turned over, we will deny defendant's request.

### III. Conclusion

For the foregoing reasons, defendant's motion for a bill of particulars and his request for pretrial discovery and inspection will be denied. An appropriate order follows.

**Date: November 3, 2017**          **s/ James M. Munley_____**
                                    **JUDGE JAMES M. MUNLEY**
                                    **United States District Court**